# CERTIFIED

Filed 7/17/2019 4:23 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Maricela Rinche, Deputy

CAUSE NO. 19-07-59681-CV

| | | |
|---|---|---|
| REENA DIAZ, INDIVIDUALLY AND AS NEXT FRIEND OF T.S AND T.C., MINORS | § § § | IN THE DISTRICT COURT |
| *Plaintiffs* | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| TYLER GAIDA AND NEW PRIME INC.. | § § | |
| *Defendants* | § § | JIM WELLS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, REENA DIAZ, INDIVIDUALLY AND AS NEXT FRIEND OF T. S. AND T. C., MINORS, Plaintiffs herein, and complain of TYLER GAIDA AND NEW PRIME INC., hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

1.     Plaintiffs are individuals residing in Ector County, Texas.  Plaintiffs intend that discovery be conducted under Level 3 of Rule 190.4 Texas Rules of Civil Procedure.

2.     Defendant TYLER GAIDA is a non-resident residing in 905 Clarence St., Mountain View, Arkansas 72560.  At the time of the event made the basis of this lawsuit, Defendant TYLER GAIDA was conducting business in the State of Texas according to Tex. Civ. Prac. & Rem. Code §17.042(b). TYLER GAIDA committed a tort in the State of Texas by causing the truck wreck made the basis of this lawsuit.  Plaintiffs invoke the Texas Long Arm Jurisdiction over Nonresident Motor Vehicle Operators set out in Tex. Civ. Prac. & Rem.  Code §§17.061-17.069.  Accordingly, service of process may be accomplished by serving Defendant, TYLER GAIDA by substitute service upon the Chairman of the Texas Transportation Commission, J.

# EXHIBIT A-2

Bruce Bugg, Jr., at Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701 with a certified copy of the process not later than the 20th day prior to the date of return stated in the process. See Tex. Civ. Prac. & Rem. Code §17.063(a). Immediately after service, the Chairman of the Texas Transportation Commission shall mail a letter to TYLER GAIDA that is properly addressed that include: (1) a copy of the process; and (2) notice that the process has been served on the Chairman. The letter to be sent by the Chairman of the Texas Transportation Commission must be sent to TYLER GAIDA by registered mail or certified mail, return receipt requested, with postage pre-paid. See Tex. Civ. Prac. & Rem. Code §17.063. The last known address of TYLER GAIDA is as follows: TYLER GAIDA, 905 Clarence St., Mountain View, AR 72560. Service on the Chairman of the Texas Transportation Commission has the same effect as personal service on the nonresident. See Tex. Civ. Prac. & Rem. Code §17.064.

3.      Defendant NEW PRIME INC., is a foreign for-profit Corporation, who can be served with process by serving its registered agent, Incorp Services, Inc., at 815 Brazos, Suite 500, Austin, Texas 78701.

4.      Venue is proper before this Court Pursuant to CPRC §15.002(a)(1), in that the events giving rise to the claim occurred in Jim Wells County, Texas.

5.      On or about February 15, 2019, the minor Plaintiffs were passengers in a 2007 Ben Bolt – Palito Blanco ISD school bus, which was stopped on the southbound shoulder of US 281, picking up children, when the school bus was, suddenly, violently, and without warning, struck by a 2019 Freightliner tractor/trailer unit, being operated by Defendant TYLER GAIDA. Defendant TYLER GAIDA had also been traveling southbound on US 281. At the time of the collision, Defendant, TYLER GAIDA was acting within the course and scope of his employment with

Defendant, NEW PRIME INC. The collision caused severe injuries and damages to the minor Plaintiffs.

6.     The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendants. TYLER GAIDA operated the vehicle in a negligent manner because he violated the duty which he owed the minor Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but limited to:

a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;
b.     in failing to control his speed;
c.     in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;
d.     in failing to turn the vehicle in an effort to avoid the collision in question; and
e.     in failing to maintain an assured clear distance;

7.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the minor Plaintiffs have suffered and which the minor Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

8.     Defendant, NEW PRIME INC., is liable under the doctrine of *respondeat superior* for the conduct of TYLOR GAIDA because he was operating the vehicle in the course and scope of his employment for NEW PRIME INC. Defendant is also negligent in one or more of the following respects:

a. negligent hiring;
b. negligent entrustment;
c. negligent training and safety implementation.

9.      Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the minor Plaintiffs have suffered and which the minor Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

10.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, the minor Plaintiffs have suffered severe bodily injuries. The injuries have had a serious effect on the minor Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the minor Plaintiffs for a long time into the future, if not for their entire lives.

11.     As a further result of all of the above, Plaintiff REENA DIAZ, INDIVUDUALLY AND AS NEXT FRIEND OF T. S. AND T. C. has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred.

12.     As a further result of the injuries sustained by the minor Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

13.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sues.

14.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs may justly be entitled.

15.     Plaintiffs further request both pre judgment and post judgment interest on all

4

damages as allowed by law.

16.    Plaintiffs demand a trial by jury.   Plaintiffs acknowledge payment this date of the required jury fee.

17.    Pursuant to Tex.R.Civ.P. 193.7, Plaintiffs give notice of intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and on final trial hereafter, Plaintiffs have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.   Physical disfigurement in the future;
11.   Loss of earning capacity;
12.   Exemplary damages;
13.   Pre Judgment interest; and
14.   Post Judgment interest.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Telephone: (361) 985-0600
Facsimile: (361) 985-0601

By: _____

Craig D. Henderson
State Bar No. 00784248
*email: chenderson-svc@thomasjhenrylaw.com
**service by email to this address only**

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. David Guerrero District Clerk of Jim Wells
County, Texas do hereby certify that the fore-
going is a true and correct copy of the original
record, now in my lawful custody and possession,
filed on _____ 7-17-2019 _____ as appears
_____ DN File _____ in my office.

Witness my official hand and seal of office, this
_____ 7-19-2019 _____
R. DAVID GUERRERO, District Clerk
Jim Wells County, Texas
By _____ Deputy



6